FILED
MAY 2 5 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT GLOBAL SALES AND MARKETING, LTD., formerly known as INTELSAT UK, LTD., <br><br> Building 3, Chiswick Park <br> 566 Chiswick High Road <br> London W4 5YA  United Kingdom <br> A United Kingdom Corporation, <br><br> Plaintiff, <br><br> v. <br><br> LIBERIA TELECOMMUNICATIONS CORPORATION, doing business as LIBTELCO, <br><br> Lynch Street <br> P.O. Box 10-9039 1000 <br> Monrovia 10 <br> Liberia <br>         Defendant. <br><br> SERVE:   S.J.M. Gargard <br>          DMD for Technical Services <br>          LIBTELCO <br>          Lynch Street <br>          P.O. Box 10-9039 1000 <br>          Monrovia 10 <br>          Liberia | CASE NUMBER   1:05CV01046 <br><br> JUDGE: Royce C. Lamberth <br><br> DECK TYPE: Contract <br><br> DATE STAMP: 05/25/2005 |

## COMPLAINT

Plaintiff Intelsat Global Sales and Marketing, Ltd., by counsel, files this Complaint against defendant Liberia Telecommunications Corporation, and pleads as follows:

1

1.  Plaintiff Intelsat Global Sales and Marketing, Ltd., formerly known as Intelsat UK, Ltd. ("Intelsat Global"), is a corporation existing under the laws of the United Kingdom. Intelsat Global is the successor in interest to certain contractual rights of the International Telecommunications Satellite Organization, an international organization established by the Agreement Relating to the International Telecommunications Satellite Organization, an international treaty dated August 20, 1971.

2.  Defendant Liberia Telecommunications Corporation, doing business as Libtelco, ("Libtelco") is a corporation existing under the laws of Liberia, with its principal place of business in Monrovia, Liberia. Libtelco is an instrumentality of the government of the Republic of Liberia as defined in 28 U.S.C. §1603.

3.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1330, as defendant is an instrumentality of the government of the Republic of Liberia as defined in 28 U.S.C. §1603, and has waived its immunity from the jurisdiction of United States courts as defined in 28 U.S.C. §1605(a)(1) and further is engaged in commercial activity that causes a direct effect in the United States as defined in 28 U.S.C. §1605(a)(2).

4.  Jurisdiction and venue in this Court is proper, as defendant has irrevocably consented to the jurisdiction of this court. Exhibit 1, ¶ 9.

5.  Between approximately January 2000 through October 2000, INTELSAT and Libtelco entered into a number of agreements ("the Service Contracts"). Pursuant to those Service Contracts, INTELSAT agreed to provide to Libtelco certain long-term satellite telecommunications services, and Libtelco agreed to pay for such services.

6. On July 18, 2001, INTELSAT, Intelsat Global, and Libtelco entered into a Novation Agreement ("Novation Agreement"). A copy of the Novation Agreement is attached hereto as Exhibit 1. Under the terms of the Novation Agreement, the parties agreed to transfer all of INTELSAT's rights and duties under the Service Contracts, including the right to all payments, from INTELSAT to Intelsat Global, then known as Intelsat UK, Ltd. Intelsat Global agreed to assume all obligations of INTELSAT to provide Libtelco with telecommunications services under the Service Contracts, and Libtelco agreed to pay to Intelsat Global the charges and fees for such services as provided in the Service Contracts and the Novation Agreement, and agreed to pay all invoices issued by Intelsat Global for such services.

7. Plaintiff provided telecommunications services to defendant pursuant to the Novation Agreement and the Service Contracts, and has performed all its obligations under the Novation Agreement and the Service Contracts.

8. Pursuant to the Novation Agreement and the Service Contracts, as of January 25, 2005, plaintiff has issued invoices totaling $1,623,789.83 to defendant, which invoices defendant has failed to pay. A summary of the unpaid invoices is attached hereto as Exhibit 2.

9. Defendant has never disputed any invoice issued by plaintiff. Under the terms of the Service Contracts, such invoices are final.

10. On September 16, 2004, pursuant to the Novation Agreement and Service Contracts, due to defendant's failure to pay for plaintiff's services, plaintiff terminated the Novation Agreement and all Service Contracts between plaintiff and defendant. Under the terms of the Novation Agreement and Service Contracts, all amounts due from

defendant to plaintiff under the remaining term of the Service Contracts became immediately due and payable at that time.

11.  Pursuant to the Novation Agreement and the Service Contracts, as of January 25, 2005, defendant owes plaintiff the sum of $1,623,789.83 without right of setoff, together with interest due thereafter, and the costs of collection. Despite repeated demand for payment, defendant has failed to make payments as due.

### COUNT ONE

(Breach of Contract)

12.  Plaintiff incorporates the allegations of paragraphs 1 through 11 above.

13.  Under the terms of the Novation Agreement and Service Contracts, defendant agreed to pay Intelsat Global's charges and invoices.

14.  Defendant has breached the terms of the Novation Agreement and the Service Contracts by failing to pay for the services rendered by plaintiff under those agreements and by failing to pay plaintiff's invoices.

15.  Plaintiff has been damaged as a result of defendant's breaches.

16.  In addition, under the terms of the Novation Agreement and the Service Contracts, plaintiff is entitled to its cost of collection of this debt.

### COUNT TWO

(Quantum Meruit/Unjust Enrichment)

17.  Plaintiff incorporates the allegations of paragraphs 1 through 17 above.

18.  Plaintiff has conferred benefits on defendant by providing telecommunications services for defendant's use.

19. Defendant was aware of the benefits conferred by plaintiff, and has accepted those benefits.

20. It would be inequitable for defendant to retain such benefits without compensation to plaintiff.

21. Plaintiff has been damaged as a result of defendant's failure to pay for the benefits conferred on defendant by plaintiff.

WHEREFORE plaintiff Intelsat Global Sales and Marketing, Ltd. demands judgment in its favor against defendant Liberia Telecommunications Corporation, doing business as Libtelco, in the amount of $1,623,789.83, together with interest, its costs herein, its attorneys' fees, and such other relief as to the Court seems proper.

INTELSAT GLOBAL SALES AND
MARKETING, LTD.
By Counsel

_____
David I. Bledsoe
Bar Number 422596
601 King Street
Alexandria, VA  22314
703-379-9424
703-684-1851(fax)