IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTELSAT GLOBAL SALES AND ) <br>     MARKETING, LTD., formerly known ) <br>     as INTELSAT UK, LTD., ) <br> ) <br> v. ) <br> ) <br> LIBERIA TELECOMMUNICATIONS ) <br>     CORPORATION, doing business ) <br>     as LIBTELCO, ) <br>         Defendant. ) <br> ) | | CA No. 1:05CV01046 <br><br> Judge Royce C. Lamberth |

## PLAINTIFF'S RESPONSE TO ORDER OF NOVEMBER 30

Plaintiff Intelsat Global Sales and Marketing, Ltd., by counsel, respectfully files this Response to the Court's Order of November 30, 2005, directing Plaintiff to show cause why a Motion for Default Judgment has not been filed in this case, as Plaintiff's counsel had represented to the Court, on September 22, 2005, would be done.

In fact, a Motion for Default Judgment, Memorandum in Support, two supporting affidavits, and a proposed Order was electronically filed by Plaintiff on October 3, 2005, as Plaintiff's counsel had represented. A copy of the filed Motion, the Memorandum in Support, the two supporting affidavits, and the proposed order are attached hereto, as Exhibits A-E. On October 6, 2005, at the Clerk's request, Plaintiff filed the forms attached hereto as Exhibit F. Nonetheless, the Motion was not docketed by the Clerk for reasons detailed below.

This matter arises under the Foreign Sovereign Immunities Act, 28 U.S.C. §1330, as defendant is an instrumentality of the government of the Republic of Liberia as defined in 28 U.S.C. §1603, and has waived its immunity from the jurisdiction of United States courts as defined in 28 U.S.C. §1605(a)(1) and is engaged in commercial activity that causes a direct effect in the United States as defined in 28 U.S.C. §1605(a)(2).

Service under the FSIA is governed by 28 U.S.C. §1608. Pursuant to 28 U.S.C. §1608(a)(1), service may be made upon defendant through specially arranged methods of service. The Novation Agreement contains such a provision, which provides that notices may be served on the parties by such methods as registered mail and Federal Express. Exhibit 1 to Complaint, ¶12.2.

On June 1, 2005, the Summons and Complaint was shipped via Federal Express to defendant in the address specified in the Novation Agreement for service of notices. See Affidavit of David I. Bledsoe, Attachment 1. On July 2, that package was returned by Federal Express to counsel as not deliverable due to no addressee being available to accept it. See Affidavit of David I. Bledsoe, Attachment 2.

The Summons and Complaint was again sent to the defendant at the specified address by Federal Express on July 6, 2005. See Affidavit of David I. Bledsoe, Attachment 3. Federal Express still has not been able to deliver this second attempt to the address given by defendant in the Novation Agreement; the reason given to counsel for Plaintiff was that the defendant corporation was "on strike."

Further, the Summons and Complaint was sent via registered mail to the defendant on June 9, 2005. See Affidavit of David I. Bledsoe, Attachment 4.

Plaintiff has sent the notices, by three separate transmittals, to the address that the defendant gave as the appropriate address for service of any notices.  See Exhibit 1 to Complaint, ¶12.2;  Schedule 1 to Novation Agreement.  Given that the Novation Agreement provides that notice shall be deemed to be given 15 days after mailing by registered mail, service was effected at the latest by June 24, 2005 under 28 U.S.C. §1608(a)(1), and the defendant is in default as of August 22, 2005.  Exhibit 1 to Complaint, ¶12.2.

However, Plaintiff's Motion for Default Judgment was not docketed by the Clerk's Office.  According to a telephone conversation between Mr. Robert Elliot of the Clerk's Office and Plaintiff's Counsel, the Clerk's Office would not take cognizance of the service under 28 U.S.C. §1608(a)(1), and the Clerk would only enter default if Plaintiff complied with 28 U.S.C. §1608(a)(3) or (a)(4).  Accordingly, the Clerk would not enter a default or docket the Motion for Default Judgment filed by Plaintiff on October 3.

Since that time, on October 28, and October 31, Plaintiff's counsel has personally delivered by hand 2 separate packages for preparation for service under 28 U.S.C. §1608(a)(4).  Both times, because of miscommunications between counsel and the Clerk's Office, each package was deemed insufficient.  Plaintiff's counsel is attempting to rectify the package for service to comport with the Clerk's latest directives.

Nevertheless, with no disrespect intended to the Clerk's Office, Plaintiff's counsel respectfully suggests this additional service is unnecessary, and that the Clerk is mistaken in its failure to recognize the service effected by Plaintiff under 28 U.S.C. §1608(a)(1).  While service under 28 U.S.C. §1608(a)(1) is perhaps not the run-of-the-mill type of

service of process for the Clerk's Office, it is nonetheless valid service under the United States Code.  The unintended consequence of the Clerk's office's failure to recognize such valid service is to effectively remove it from the United States Code as an option for litigants in this Court, and to invalidate the parties' special arrangement for service of process, specifically designed to permit service under 28 U.S.C. §1608(a)(1).

The Court is empowered to enter default under F.R.Civ.P. 55(b)(2).  For the foregoing reasons, as service has in fact been effected under 28 U.S.C. §1608(a)(1), and a Motion for Default Judgment has indeed been filed, Plaintiff respectfully requests that the Court order the entry of default be entered, or require the Clerk to do so under Rule 55(b)(1); that the Court grant the previously filed Motion for Default Judgment; and that the Court enter the previously submitted Order for Default Judgment against defendant.  In the alternative, Plaintiff requests an additional sixty days to effect service pursuant to either 28 U.S.C. §1608(a)(3) or (4).

                              INTELSAT GLOBAL SALES AND
                              MARKETING, LTD.
                              By Counsel

_____/s/_____
David I. Bledsoe
Bar Number 422596
601 King Street
Alexandria, VA  22314
703-379-9424
703-684-1851(fax)