IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTELSAT GLOBAL SALES AND MARKETING, LTD., formerly known as INTELSAT UK, LTD., ) ) ) ) | | |
| v. ) ) | CA No. 1:05CV01046 | |
| LIBERIA TELECOMMUNICATIONS CORPORATION, doing business as LIBTELCO, Defendant. ) ) ) ) ) ) | Judge Royce C. Lamberth | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION FOR DEFAULT JUDGMENT

Plaintiff Intelsat Global Sales and Marketing, Ltd., by counsel, respectfully files this Memorandum of Points and Authorities in support of its Motion for Default Judgment.

This Court has subject matter jurisdiction over this matter pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §1330, as defendant is an instrumentality of the government of the Republic of Liberia as defined in 28 U.S.C. §1603, and has waived its immunity from the jurisdiction of United States courts as defined in 28 U.S.C. §1605(a)(1) and is engaged in commercial activity that causes a direct effect in the United States as defined in 28 U.S.C. §1605(a)(2).

Pursuant to 28 U.S.C. §1608(a)(1), service may be made upon defendant through specially arranged methods of service. The Novation Agreement contains such a provision, which provides that notices may be served on the parties by such methods as registered mail and Federal Express. Exhibit 1 to Complaint, ¶12.2.

On June 1, 2005, the Summons and Complaint was shipped via Federal Express to defendant in the address specified in the Novation Agreement for service of notices. See Affidavit of David I. Bledsoe, Attachment 1. On July 2, that package was returned by Federal Express to counsel as not deliverable due to no addressee being available to accept it. See Affidavit of David I. Bledsoe, Attachment 2.

The Summons and Complaint was again sent to the defendant at the specified address by Federal Express on July 6, 2005. See Affidavit of David I. Bledsoe, Attachment 3. Federal Express still has not been able to deliver this second attempt to the address given by defendant in the Novation Agreement; the reason given to counsel for plaintiff was that the defendant corporation was "on strike."

Further, the Summons and Complaint was sent via registered mail to the defendant on June 9, 2005. See Affidavit of David I. Bledsoe, Attachment 4.

Plaintiff has sent the notices, by three separate transmittals, to the address that the defendant gave as the appropriate address for service of any notices. See Exhibit 1 to Complaint, ¶12.2; Schedule 1 to Novation Agreement. Given that the Novation Agreement provides that notice shall be deemed to be given 15 days after mailing by registered mail, plaintiff submits that service was effected June 24, 2005, and the defendant is in default after August 22, 2005. Exhibit 1 to Complaint, ¶12.2.

Pursuant to the agreements between plaintiff and defendant Libtelco, as of January 25, 2005, plaintiff has issued invoices for services totaling $1,623,789.83 to defendant, which invoices defendant has failed to pay. Affidavit of Bill Haffejee, ¶ 3.

Pursuant to the agreements between defendant and plaintiff, as of January 25, 2005, defendant owes plaintiff the sum of $1,623,789.83, together with interest due after

January 25, 2005 at the rate of 16 percent on a principal balance of $1,619,283.08 and the costs of collection, without any right of setoff by defendant. Affidavit of Bill Haffejee, ¶ 4. [1]

Plaintiff therefore moves this Court for entry of default judgment against defendant in the amount of $1,623,789.83, together with interest from January 25, 2005 at the rate of 16 percent on a principal balance of $1,619,283.08 as provided for in the Novation Agreement, costs of this suit, and for such other relief as to the Court seems proper.

                                  INTELSAT GLOBAL SALES AND
                                      MARKETING, LTD.
                                  By Counsel

       /s/
David I. Bledsoe
Bar Number 422596
601 King Street
Alexandria, VA  22314
703-379-9424
703-684-1851(fax)

---

[1] The per diem interest charge on the principal balance of $1,619,283.08 at a rate of sixteen percent is $709.82.