UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT GLOBAL SALES AND MARKETING, LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERIA TELECOMMUNICATIONS CORPORATION,<br><br>    Defendant. | Civil Action No. 05-1046 (RCL) |

## ORDER

The order to show cause [5] filed November 30, 2005 is discharged.

Upon considering plaintiff's response [6], filed December 14, 2005, plaintiff's complaint [1], and the applicable law, the Court concludes plaintiff has not yet properly served defendant Liberia Telecommunications Corporation ("Libtelco").

Plaintiff's complaint alleges Libtelco is both "a corporation existing under the laws of Liberia, with its principal place of business in Monrovia, Liberia," and "an instrumentality of the government of the Republic of Liberia as defined in 28 U.S.C. § 1603." (Pl.'s Compl. 2.) Section 1603 defines key terms used in the Foreign Sovereign Immunities Act, 28 U.S.C. sections 1330, 1602-1611 ("the Act"), which governs foreign states' susceptibility to suit in United States courts. *See* 28 U.S.C. § 1603 (2007). In essence, an instrumentality of a foreign state is "a separate legal person, corporate or otherwise" from the foreign state, itself, in which

the foreign state or its agency or political subdivision holds a controlling interest.[1] *Id.* § 1603(b).

Section 1608, which outlines acceptable service of process methods under the Act, differentiates between foreign states, which are addressed in part (a), and their instrumentalities, to which part (b) applies. *See id.* § 1608(a)-(b). Plaintiff's response to this Court's show cause order insists service was effected under section 1608(a)(1). (Pl.'s Resp. 2-4.) On June 1, 2005, and again on July 6, plaintiff's attorney sent the summons and complaint to defendant Libtelco via Federal Express. (*Id.* at 2.) Both packages were returned as undeliverable. (*Id.*) On June 9, 2005, plaintiff's attorney sent the documents by registered mail. (*Id.*) Though counsel requested a return receipt, nothing indicates he ever received one. (*See* Pl.'s Resp. Attach. 4.) These actions, plaintiff contends, satisfied section 1608(a)(1). (Pl.'s Resp. 3.) Plaintiff now complains that the Clerk's Office has demanded it comply with 1608(a)(3) or (a)(4) and has improperly refused to docket its motion for entry of default. (*Id.* at 3-4.) Because, by plaintiff's own admission, defendant Libtelco is not a foreign state but an *instrumentality* of a foreign state, *none* of these statutory provisions applies.

Instead, section 1608(b), which provides three separate methods by which "[s]ervice in the courts of the United States . . . shall be made upon an . . . instrumentality of a foreign state" governs service of process in this action. 28 U.S.C. § 1608(b) (2007). This section approves service, *inter alia*, "by delivery of a copy of the summons and complaint in accordance with any

---

[1] "An 'agency or instrumentality of a foreign state' means any entity – (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title nor created under the laws of any third country." 28 U.S.C. § 1603(b) (2007).

special arrangement for service between the plaintiff and the . . . instrumentality." *Id.* Plaintiff cites section 1608(a)(1), which employs identical language, and contends paragraph 12.2 of the novation agreement between the parties constitutes such a special arrangement. (Pl.'s Resp. 2.) In relevant part, that paragraph reads:

> *Any notice served under this Agreement* shall be in writing and shall be given by any two (2) of the following methods: hand, fax, international courier (such as TNT, DHL, or Federal Express) or certified or registered mail to the fax number of address specified . . . A notice will be deemed to have been received on . . . the day that it is delivered to the applicable address . . . by international courier or fifteen (15) calendar days after it has been dispatched by certified or registered mail.

(Pl.'s Ex. 1 at 7 (emphasis added).)

The weight of precedent indicates this contractual provision is not a "special arrangement" within section 1608. *See Berdakin v. Consulado de la Republica de El Salvador*, 912 F. Supp. 458, 466 (C.D. Cal. 1995) (recital that notices of any kind "'under this lease'" should be delivered by specified methods to particular address was not a "special arrangement"); *Underwood v. United Republic of Tanzania*, No. 94-902, 1995 U.S. Dist. LEXIS 1333, at *6 (D.D.C. Jan. 27, 1995) (contractual provision stipulating when "any notices 'required or permitted herein' would be effective was not a "special arrangement"). *Cf. Int'l Road Fed'n v. Embassy of the Democratic Republic of the Congo*, 131 F. Supp. 2d 248, 251-52 (D.D.C. 2001) (sublease provision specifying how "all notices . . . between Sublessor and Sublessee shall be delivered" was a "special arrangement"); *Saunders Real Estate Corp. v. Consulate Gen. of Greece*, No. 94-11951, 1995 U.S. Dist. LEXIS 14893, at *4-*6 (D. Mass. Aug. 11, 1995) (lease provision that "'*all* notices shall be effective when delivered in hand or sent by certified mail'" was "[c]learly" a "special arrangement"); *Marlowe v. Argentine Naval Comm'n*, 604 F. Supp.

703, 704 (D.D.C. 1985) (contract section dictating how "'all notices . . . to or upon the respective parties'" should be made did constitute a "special arrangement").

In *International Road Federation*, *Saunders Real Estate Corporation*, and *Marlowe*, the contractual or lease provision at issue employed expansive language, referring to *all* notices or to *all* notices *between the parties*. *See* 131 F. Supp. at 251; 1995 U.S. Dist. LEXIS at *4; 604 F. Supp. at 704. By contrast, the contractual language in *Berdakin* and *Underwood* limited the provisions' applicability to notices *under* or *required or permitted by* the contracts. *See* 912 F. Supp. at 466; 1995 U.S. Dist. LEXIS 1333 at *6. Similarly, here, paragraph 12.2 of the novation agreement expressly applies only to notices served *under the agreement*. (Pl.'s Ex. 1 at 7.)

As the initial recitals indicate, the novation agreement's purpose was to discharge the original service provider from its contractual obligations to Libtelco and to vest those same obligations in plaintiff. (*See* Pl.'s Ex. 1 at 1.) Given this purpose, it seems unlikely the parties would have construed a summons and complaint as a notice "under the Agreement." Moreover, paragraph 10, entitled "Service of Process," identifies plaintiff's agent for service of process and requires Libtelco to name its own agent within 30 days. (*Id.* at 6.) By the agreement's terms, this designee will act as Libtelco's "authorized agent upon which process may be served in any action arising out of or relating to this Agreement which may be instituted in any District of Columbia court" by plaintiff. (*Id.*) The parties thus explicitly provided for means of service of process in a separate portion of the agreement.

Based on the precedents identified above and on the novation agreement's language, the Court concludes paragraph 12.2 does not constitute a "special arrangement" under section 1608(b), and plaintiff has therefore not yet properly served defendant Libtelco.

It is hereby ORDERED that plaintiff shall consult section 1608(b)(2) and (3) and shall perfect service on defendant Libtelco through one of the methods listed therein; and it is

FURTHER ORDERED that plaintiff shall file a report with the Court explaining steps taken to comply with this order within thirty (30) days of this date.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, July 20, 2007